UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE J. JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civ. Action No. 11-0119 (RMC) |
| | ) |
| STEPHEN J. MCCOOL *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

In this civil action removed from the Superior Court of the District of Columbia, plaintiff Duane J. Johnson, proceeding *pro se*, sues Superior Court Magistrate Judge Frederick J. Sullivan, former Assistant United States Attorney ("AUSA") Steven J. McCool, and Attorney Joseph J. Bernard for trover, conversion, and breach of contract stemming from their alleged refusal to return his legal property. On January 18, 2011, AUSA Rudolph Contreras, Chief of the Civil Division of the United States Attorney's Office for the District of Columbia, certified pursuant to 28 U.S.C. § 2679(d) that Mr. McCool was acting within the scope of his employment at the time of the alleged misconduct. Mr. Johnson has moved to strike the certification, but he has not stated any facts suggesting that Mr. McCool was acting outside the scope of his employment. Therefore, the Court, finding that the United States is properly substituted, will deny Mr. Johnson's motion to strike the certification.[1]

---

[1] In response to *Westfall v. Erwin*, 484 U.S. 292 (1988), Congress enacted the Westfall Act, which authorizes "an Attorney General or designee who believes that a federal employee was acting within the scope of his employment at the time of the alleged incident [to] issue a certification to that effect." *Haddon v. United States*, 68 F.3d 1420, 1423 (D.C. Cir. 1995), *abrogated on other grounds by Osborn v. Haley*, 549 U.S. 225 (2007). "The certification carries
(continued...)

The United States moves to dismiss the complaint under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 13]. Mr. Johnson has opposed the motion and has moved to remand the case to Superior Court [Dkt. # 4]. Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part the United States' motion to dismiss and will deny Mr. Johnson's motion to remand.

## I. BACKGROUND

In his one-page complaint filed in Superior Court, Mr. Johnson alleges the following. From December 2009 to July 2010, "each" of the Defendants "received valuable legal property from Plaintiff." Compl. [ECF Dkt. # 1 at 4]. Each defendant was "instructed to return Plaintiff's valuable legal property within fifteen . . . day[s] of receipt," but has "refused to do so."

---

[1](...continued)
a rebuttable presumption that the employee has absolute immunity from the lawsuit and that the United States is to be substituted as the defendant." *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008) (citations omitted). Because a Westfall certification acts as the government's proffer of a *prima facie* case that at the time of the alleged misconduct, its employee was acting within the scope of his employment, *see Kimbro v. Velten*, 30 F.3d 1501, 1509 (D.C. Cir. 1994), the burden shifts to the Plaintiff "to raise a material dispute regarding the substance of [the certification] by alleging facts that, if true, would establish that [the federal employee] [was] acting outside the scope of [his] employment." *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (citation omitted). Plaintiff must prove by a preponderance of the evidence that such is the case. *See Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1153 (4th Cir. 1997). Mr. Johnson asserts that Mr. McCool "was not lawfully working for the federal government in the capacity of a former government employee or officer of the United States because [he] was never appointed as an [AUSA] in the first instance." Mot. for Case Remand, Mem. of P. & A. in Supp. [Dkt. # 4] at 2. He cites his complaint in a previous action dismissed by this Court, *Johnson v. Sullivan*, Civ. Action No. 09-2056 (RBW), but the presiding judge in that action explicitly rejected the same arguments Mr. Johnson makes in this case about Mr. McCool. *See Johnson v. Sullivan*, 748 F. Supp. 2d 1, 13 n.6. (D.D.C. 2010) ("The plaintiff's challenge of the validity of the certification filed by McCool is meritless."). Therefore, Mr. Johnson is collaterally estopped from relitigating the validity of Mr. McCool's appointment and the government's Westfall certification.

*Id*.  As a result, Mr. Johnson claims that he has lost revenue and, thus, seeks $250,000 in monetary damages for the loss of his "motions, pleadings, [and] transcripts." *Id*.

Mr. Johnson further alleges that Mr. McCool "requested" that he "send him motions, pleadings, and transcripts because he was interested in how plaintiff constructed his documents;" that he sent [Mr. McCool] his "only versions of his work product;" that he "requested defendant McCool to return [his legal papers] within fifteen . . . days of receipt because it was all that Plaintiff had;" and that Mr. McCool agreed to return the papers but did not do so.  Pl. Duane Joseph Johnson's Opp'n to Mot. to Dismiss and Opp'n to Mot. to Show Cause & Mot. to Remand ("Pl.'s Opp'n") [Dkt. # 23] ¶¶ 1-6.

## II.  DISCUSSION

The United States seeks dismissal of the complaint under Rule 8(a) for failure to satisfy the minimal pleading requirements and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  It is clear from the United States' response that the complaint provides adequate notice of a claim; thus, its motion to dismiss under Rule 8(a) will be denied. *See Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) ("Rule 8's liberal pleading standard requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' . . . and courts are charged with construing the complaint 'so . . . as to do substantial justice . . . .' ") (citations omitted).

At this pleading stage, a complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon a determination that the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint" to support the alleged violation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  In ruling on a motion to

dismiss, a court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id*. But it need not accept legal conclusions cast as factual allegations, *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004), or "inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). In addition, a court must construe *pro se* filings liberally and, absent any indication of prejudice to the defendant, should read "all of the plaintiff's filings together[.]" *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

The United States contends that Mr. Johnson has stated neither a breach of contract claim nor a conversion claim.[2]

1. The Breach of Contract Claim

The Court agrees that Mr. Johnson has not stated a breach of contract claim, *see* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 5, but even if he had, this Court would lack jurisdiction over Mr. Johnson's claim for $250,000 because a claim of that amount based on an express or implied contract with the United States must be brought in the U.S. Court of Federal Claims. *See* 28 U.S.C. § 1491(a); § 1346(a)(2) (vesting concurrent jurisdiction in the district court over contract claims not exceeding $10,000). Hence, the Court will grant the United States' motion to dismiss the breach of contract claim.

---

[2] The United States has not addressed Mr. Johnson's trover claim. Because the trover claim goes hand in hand with the conversion claim, *see Black's Law Dictionary* (9th Ed. 2009) (defining trover as "[a] common-law action for the recovery of damages for the conversion of personal property"), it, too, will survive the instant motion to dismiss.

2. <u>The Conversion Claim</u>

The United States' argument that Mr. Johnson has failed to state a conversion claim -- for which it may be held liable under the Federal Tort Claims Act, 28 U.S.C. § 2674 -- is belied by Mr. Johnson's unrefuted opposition. Under District of Columbia law, conversion is defined as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other full value of the chattel." *Edmonds v. United States*, 563 F. Supp. 2d 196, 202 (D.D.C. 2008) (quoting *Fed. Fire Protection Corp. v. J.A. Jones/Tompkins Builders, Inc.*, 267 F. Supp. 2d 87, 92 n.3 (D.D.C. 2003)). "A defendant will be liable for conversion if the plaintiff shows that the defendant participated in (1) an unlawful exercise, (2) of ownership, dominion, or control, (3) over the personal property of another, (4) in denial or repudiation of that person's rights thereto." *Gov't of Rwanda v. Rwanda Working Grp.*, 227 F. Supp. 2d 45, 62 (D.D.C. 2002) (citations omitted). "When the initial possession is lawful, the plaintiff must make a demand for the return of the converted goods to demonstrate the adverse nature of the possession." *Id.* (citation omitted).

The United States argues that Mr. Johnson cannot show that an unlawful exercise has occurred because Mr. McCool "did nothing more than retain service copies of legal documents" that Mr. Johnson was required to serve during court proceedings. Def.'s Mem. at 4-5. Mr. Johnson counters that his claim "does not stem from defendant McCool not returning service copies . . . ." Pl.'s Opp'n ¶ 10. Rather, Mr. Johnson states that he supplied the documents because Mr. McCool had "requested" them and that Mr. McCool had agreed to return the documents within 15 days. *Id.* ¶¶ 1, 4-5. According to Mr. Johnson, when Mr. McCool

failed to return the documents as he had allegedly agreed, he "requested defendant McCool to return his property." *Id.* ¶ 6. The United States has not refuted Mr. Johnson's statements, and Mr. Johnson has sufficiently pleaded the elements of conversion. Hence, the Court will deny the United States' motion to dismiss the conversion claim without prejudice.

### III.  CONCLUSION

For the foregoing reasons the Court will grant the United States' motion to dismiss Mr. Johnson's breach of contract claim for failure to state a claim and will deny without prejudice the United States' motion to dismiss the conversion claim. Consequently, the Court will deny Mr. Johnson's motion to remand the case to Superior Court. In addition, the Court will deny Mr. Johnson's motion to strike the Westfall certification for the reasons stated above and will deny Mr. Johnson's remaining pending motions.

A separate Order accompanies this Memorandum Opinion.

Date: September 9, 2011

/s/
ROSEMARY M. COLLYER
United States District Judge