UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 11-0119 (RMC) |
| ) | |
| STEPHEN J. MCCOOL *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

In what remains of this civil action, the United States moves to dismiss plaintiff Duane J. Johnson's surviving claims of conversion and trover under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56. Renewed Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. [Dkt. 39]. *See Johnson v. McCool*, 808 F. Supp. 2d 304 (D.D.C. 2011) (substituting the United States and dismissing Mr. Johnson's breach of contract claim). Upon consideration of the parties' submissions, and for the following reasons, the Court will grant the United States' motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

The United States argues that this Court lacks jurisdiction over Mr. Johnson's tort claims because he failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Mr. Johnson has not refuted the United States' argument for dismissal, *see generally* Mem. of P. & A. in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. [Dkt. 46], and an FTCA "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.

§ 2675(a); *see also* § 2401(b) ("forever barr[ing]" tort claim that is not "presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ").  The exhaustion of administrative remedies is a jurisdictional prerequisite to maintaining a lawsuit under the FTCA.  *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *McAlister v. Potter*, 843 F. Supp. 2d 117, 123 (D.D.C. 2012); *see also Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (explaining that since "[t]his court and the other courts of appeals have treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional[,] . . . the [district] court could no more rule in favor of the government than against it.").

Since Mr. Johnson has not refuted the United States' argument that he failed to exhaust his administrative remedies under the FTCA with respect to his surviving claims of conversion and trover, the Court finds that he has conceded that argument.  *See Hopkins v. Women's Div., Gen. Bd. Of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997)) (other citation omitted); Order (Feb. 2, 2012) [Dkt. 40] (advising Mr. Johnson about responding to the United States' dispositive motion).  Hence, the Court, lacking subject matter jurisdiction over Mr. Johnson's unexhausted tort claims, must dismiss the case.  *See Abdurrahman v. Engstrom*, 168 F. App'x 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").  A memorializing Order accompanies this Memorandum Opinion.

                                                      _____/s/_____
                                                      ROSEMARY M. COLLYER
Date:  August 14, 2012                        United States District Judge